# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| FINN CORPORATION, | : | Case No. 1:25-cv-00418-JPH |
| EXPRESS BLOWER INC. | : | Judge Jeffrey Paul Hopkins |
| Plaintiffs, | : | |
| v. | : | |
| PRECISION MACHINE & MANUFACTURING, INC. | : | |
| Defendant. | : | |

## PLAINTIFFS FINN CORPORATION AND EXPRESS BLOWER INC.'S MOTION FOR LEAVE TO FILE EXHIBIT 1 TO THE AMENDED COMPLAINT UNDER SEAL

Now come Plaintiffs, Finn Corporation and Express Blower Inc. (collectively "Plaintiffs"), by and through counsel, and for their Motion for Leave to File Exhibit 1 to their Amended Complaint Under Seal, state as follows:

**I.   Introduction**

Pursuant to S.D. Ohio Local Rule 5.2.1(a), Plaintiffs hereby move the Court for leave to file an exhibit, labeled Exhibit 1, to their Amended Complaint under seal. This case involves, *inter alia*, claims of breach of contract, trademark infringement, and trade secret misappropriation. (ECF No. 9). Exhibit 1 is an agreement between the parties that, as explained below, contains sensitive and confidential business information.[1]

---

[1] In connection with the original Complaint in this case (ECF NO. 1), Plaintiffs also moved for leave to file this same exhibit under seal (ECF No. 2). As of the time of filing of the Amended Complaint, that prior

1

**II.     Legal Standard**

The Sixth Circuit requires parties wishing to seal documents on the Court's docket to provide "compelling reasons" justifying the seal, and further, to demonstrate that the seal is "narrowly tailored to serve that reason." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). The party moving to seal documents must also be cognizant of the public's First Amendment and common law right of access to court filings. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). In considering whether to grant the party's motion to seal documents, the court should also consider the public's interest in the litigation subject matter, as the "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305. There are several "compelling reasons" that justify maintaining documents under seal. For example, documents that include confidential agreements, pricing strategy, and marketing strategy may all be kept under seal as they could disclose confidential business strategies to competitors. *See, e.g.*, *The Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 U.S. Dist LEXIS 131141, at *7–10 (S.D. Ohio Aug. 17, 2017).

**III.    There are Compelling Reasons to File the Exhibit Under Seal**

The exhibit to be filed under seal is a four-page Memorandum of Understanding ("MOU") dated February 8, 2016, between Plaintiffs and Defendant. The MOU details the business arrangement between Defendant as a supplier of parts to Plaintiffs for their products. As such, the MOU contains sensitive business information such as confidential pricing data for parts purchased by Plaintiffs for their products that is central to Plaintiffs' business strategy. If made publicly

---

motion for leave remained pending. This Motion is for leave as to the new, Amended Complaint, and if granted, can supersede the prior motion for leave.

available, the information contained in the MOU would provide Plaintiffs' competitors with an advantage by allowing them an inside look at Plaintiffs' business model.

Plaintiffs' request to file the MOU under seal is also narrowly tailored and would not deprive the public of the opportunity to evaluate any decision on the Motion for Leave or subsequent decisions in this case. First, the MOU consists entirely of confidential information. Plaintiffs do not seek restricted access to the Amended Complaint or the other exhibits thereto; thus, Plaintiffs' request to file the MOU under seal is narrowly tailored to protect their confidential business information. Second, by describing the MOU in the Motion for Leave, the public can appreciate the relevance and importance of the document and evaluate the merits of the Motion for Leave without needing to see the details of the document that would disclose private information.

### IV. Conclusion.

The MOU that Plaintiffs seek to file as an exhibit to their Amended Complaint contains sensitive business information that should not be disclosed to Plaintiffs' competitors. Plaintiffs' request is narrowly tailored, and the granting of such request will not impede the public's ability to evaluate the Court's ultimate decision on the Motion for Leave. For these reasons, the Court should grant Plaintiffs' Motion and allow Plaintiffs to file the Memorandum of Understanding as an exhibit to the Amended Complaint under seal. Pursuant to the Court's Standing Order F.7, a proposed order will be submitted to chambers in association with this Motion.

Dated: August 28, 2025

Respectfully submitted,

        DINSMORE & SHOHL LLP

        */s/ Michael A. Xavier*
        Matthew J. Bakota (0079830)
        Emily M. Snively (0104656)
        1 South Main Street, Suite 1300
        Dayton, Ohio 45402
        Phone: (937) 449-6400
        Fax: (937) 449-2836
        matthew.bakota@dinsmore.com
        emily.snively@dinsmore.com

        Michael A. Xavier (0097121)
        1775 Sherman St., Suite 2600
        Denver, CO 80209
        Phone: (303) 296-3996
        michael.xavier@dinsmore.com

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      This is to certify that on August 28, 2025, the foregoing was served on all counsel of record by the Court's ECF electronic filing system, as provided by Federal Rule of Civil Procedure 5(b)(2)(E).

                                              */s/ Michael A. Xavier*