# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| FINN CORPORATION, *ET AL.*, | ) | Case No. 1:25cv418 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffery P. Hopkins |
| | ) | |
| v. | ) | |
| | ) | |
| PRECISION MACHINE & MANUFACTURING, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PRECISION MACHINE & MANUFACTURING, INC.'S MOTION TO DISMISS COUNT TWO OF PLAINTIFFS' AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Precision Machine & Manufacturing, Inc. ("Precision") respectfully moves this Court for an Order dismissing Count Two of Plaintiffs Finn Corporation's ("Finn") and Express Blower Inc.'s ("Express") Amended Complaint because Plaintiffs have failed to state a claim upon which relief may be granted. The bases for this Motion are more fully set forth in the accompanying Memorandum in Support.

Respectfully submitted,

*/s/ Terry W. Posey, Jr.*
Terry W. Posey, Jr. (0078292)
Trial Attorney
PORTER WRIGHT MORRIS & ARTHUR LLP
1 South Main Street, Suite 1600
Dayton, Ohio 45402-2028
Telephone: (937) 449-6709
Facsimile: (937) 449-6820
tposey@porterwright.com

Margo S. Brandenburg (101183)
PORTER WRIGHT MORRIS & ARTHUR LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: (513) 369-4223
Facsimile: (513) 421-0991
mbrandenburg@porterwright.com
*Attorneys for Defendant Precision*

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

Plaintiffs filed their Complaint against Precision asserting seven counts:

- Count One alleges that Precision breached a Memorandum of Understanding between the parties;

- Count Two asserts a false designation of origin claim under 15 U.S.C. § 1125(a);

- Count Three is a common law trademark infringement claim;

- Count Four is a misappropriation of trade secrets claim under 18 U.S.C. § 1836(b), *et seq.*;

- Count Five is a misappropriation of trade secrets under Ohio Revised Code §1333.61, *et seq.*;

- Count Six is for deceptive trade practices act under Ohio Revised Code § 4165.01, *et seq.*; and

- Count Seven is for common law unfair competition.

Each count is based on the alleged infringement of certain Finn and Express Blower designs and marks. However, Count Two fails to state a claim upon which relief may be granted because Plaintiffs cannot show more than a *de minimis* use of Plaintiffs' marks, if any, as any purported infringement was inadvertent and promptly removed. Thus, the Court should dismiss Count Two of Plaintiffs' Complaint.[1]

---

[1] This Motion will not address the remaining counts of the Complaint, and Precision will not file an answer to the Complaint at this juncture. Precision will file an answer to the Complaint after this Motion is ruled on. *See* Fed. R. Civ. P. 12(a)(4)(A); *Banerjee v. Univ. of Tennessee*, 820 F.App'x 322, 326 (6th Cir. 2020), fn. 3 ("[F]iling a partial motion to dismiss tolls the time within which a defendant must answer. Defendant's responsive pleading was therefore not due until after the resolution of its partial motion to dismiss."); *Marie v. Am. Red Cross*, No. 2:11-cv-474, 2013 U.S. Dist. LEXIS 77515, at *5 (S.D. Ohio June 3, 2013) ("Considering the

II.     **STATEMENT OF ALLEGED FACTS**

The recitation of facts below is derived from the Amended Complaint and presumed to be true for the purposes of this motion. Precision disagrees with much of the factual recitation of the history of the relationship between the parties, but that is not relevant for consideration of the issues here.

This case involves blower trucks used for hydroseeding (sold by Plaintiffs), and certain parts used to make the trucks (manufactured by Defendants). Express Blower is a wholly-owned subsidiary of Finn. Compl. ECF No. 9 at PageID 3, ¶ 13. Together, Express Blower and Finn manufacture and distribute large blowing and hydroseeding equipment. *Id.* at PageID 2-4, ¶¶ 10-15. Plaintiffs own several trademarks for their products and designs. *Id.* at PageID 4, ¶¶ 16-17.

Defendant Precision manufactures parts such as rotary airlock feeders, rotary valve airlocks, and screw conveyors for industrial manufacturing operations in various industries. *Id.* at PageID 42, ¶ 49. For years, Precision supplied Plaintiffs parts for the blower trucks without any formal agreement between the parties. *Id.* at PageID 10, ¶¶ 50-51. Then, the parties decided to engage in a more formal business relationship. On February 8, 2016, Plaintiffs and Precision entered into a memorandum of understanding for Precision to manufacture rotary feeders for Plaintiffs' blower trucks (the "MOU"). *Id.* at PageID 10, ¶¶ 52.

On May 15, 2025, Precision received a cease-and-desist letter demanding that Precision cease and desist from selling aftermarket parts using Finn and Express Blower's name in its advertisements. *Id.* at PageID 14, ¶ 76. On June 20, 2025, Plaintiffs filed the Complaint. The Complaint alleges that Precision has refused to comply with Finn and Express Blower's cease

---

current posture of the case, defendants … were required to file a response to the Amended Complaint within fourteen days of the Court's March 19, 2013 resolution of their partial motion to dismiss.")

and desist letter. *Id*., at ¶ 43. However, immediately after receiving Plaintiffs' letter, Precision removed all references to Plaintiffs' names, product names, or other intellectual property from the complained of sources. (*See* Declaration of Don Lindsey, ¶¶ 5-8, and Exhibit 1).

Since Precision's removal of the posts, Precision has not used Plaintiffs' name or marks on its website or social media pages, nor has it received complaints from Plaintiffs. *Id.*, ¶ 9.

**III. DISCUSSION**

A. <u>Motion to Dismiss Standard.</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint. A claim will only survive a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claimant's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Further, those facts must be pled with "sufficient specificity." *Binno v. ABA*, 826 F.3d 338, 345 (6th Cir. 2016) (citing Iqbal, 556 U.S. at 678-79). "Under the standard set out in *Iqbal* and *Twombly*, a court accepts as true all factual allegations, but the court does not apply this presumption of truth to conclusory or legal assertions." *Id.* at 345-46 (6th Cir. 2016). "A plaintiff's complaint must show "more than a sheer possibility that a defendant has acted

unlawfully." *Iqbal*, 556 U.S. at 678. When testing the sufficiency of a plaintiff's allegations, a court does not presume that the plaintiff can prove facts that are not stated, or assume that the defendant has violated laws in ways not alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006) ("[T]his court should not assume facts that were not pled.").

B. <u>Count Two of Plaintiffs' Complaint should be dismissed because Precision's use of Plaintiffs' marks was *de minimis* at most.</u>

A false designation of origin claim under section 43 of the Lanham Act arises when a person uses in commerce a word, term, name or symbol, or a false or misleading description or representation of fact which is likely to cause confusion or to deceive as to the origin, sponsorship or approval of goods. 15 U.S.C. § 1125(a)(1). To establish a claim, a plaintiff must demonstrate that (1) the false designation has a substantial economic effect on interstate commerce; and (2) the false designation creates a likelihood of confusion. *See Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998).

Here, Plaintiffs allege in the Complaint that Precision engaged in false designation of origin based on Precision's use of Plaintiffs' marks in connection with Precision's own personal sales and advertising. Am. Compl., ECF No. 9 at PageID 9, ¶¶ 87-95. In support, Plaintiffs have attached as exhibits two examples of Precision's advertisements that include Plaintiffs' names. *Id.* at PageID 62-63. However, since filing the Complaint, Precision has removed all references to Plaintiffs' marks. Indeed, on May 15, 2025, Plaintiffs sent Precision a cease-and-desist letter demanding that Precision cease and desist in selling in the aftermarket and in using Finn and Express Blower's name, product names, and other intellectual property. *Id.* at PageID 8, ¶ 42.

Precision responded to the cease and desist letter by altering the complained-of posts and/or removing the item from the internet altogether. Lindsey Declaration, ¶¶ 5-8 and Exhibit 1. Precision has received no further complaints from Plaintiffs. *Id.*, ¶ 9.

Precision's two posts could not have had any effect on interstate commerce because the use was *de minimis*. Precision promptly removed the posts with Plaintiffs' names marks after receiving the cease-and-desist letter. Indeed, the first element of a false designation claim is that the false designation has a "substantial economic effect on interstate commerce." *See Johnson,* 149 F.3d 494 at 502. Precision leaving three items up for less than two weeks does not come anywhere close to having a "substantial economic effect." And Plaintiffs have not alleged that they suffered any specific damage as the result of their marks being posted. They could not have – because all posts were taken down relatively quickly.

The Sixth Circuit, and courts across the country, have recognized and applied the *de minimis* defense in intellectual property cases. *See Gordon v. Nextel Communs.*, 345 F.3d 922, 924 (6th Cir. 2003) (copyright); *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 2006 U.S. Dist. LEXIS 42891 (N.D. Ga. 2006) (trademark); *Collins & Aikman Corp. v. Stratton Industries, Inc.*, 728 F. Supp. 1570, 1578 (N.D. Ga. 1989) (patent); *Imperial Chemical Industries, PLC v. Henkel Corp.*, 545 F. Supp. 635, 657 (D.Del. 1982) (patent). The *de minimis* defense is "based on a showing that the infringing activity is insignificant and that it was terminated at the *de minimis* stage." *Collins*, 728 F. Supp. at 1578. Of import, one of the considerations a court has when it is determining whether a use is *de minimis* is the length of time the infringement occurs. *See Gordon,* 345 F.3d 922 at 924. In *Gordon*, in part because the defendant's alleged copied illustrations "appear[ed] fleetingly," the Sixth Circuit affirmed the district court's finding that the defendant's use of plaintiff's copyright was *de minimis*. *Id.*

7

In *Optimum Techs.*, the defendant updated its website and unintentionally included certain trademarks belonging to the plaintiff. Upon receipt of a letter from the plaintiff informing defendant of the unauthorized use of the plaintiff's trademark, the defendant removed the infringing marks from its website. The Court ultimately dismissed the plaintiff's claims, finding that the use of the mark was unintentional, and, because defendant immediately removed the mark from its website, the infringement was *de minimis*. *Optimum Techs*, 2006 U.S. LEXIS at *21.

Because Precision's use of Plaintiffs' marks is *de minimis*, at most, Plaintiffs are not going to be able to prove likelihood of confusion, which is the second element to a false designation of origin claim. At most, Plaintiffs will be able to bring forth a few customers that may have been confused. But a few customers won't move the needle to stating a claim. As a general matter, isolated instances of confusion are insufficient to support a finding of likely confusion. *See, e.g., Progressive Distribution Servs. v. UPS, Inc.*, 856 F.3d 416, 433 (6th Cir. 2017) (single instance of confusion not enough); *Therma-Scan*, 295 F.3d at 635 ("[s]ix confused customers is legally insignificant"); *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 399 (4th Cir. 2009) (four instances of consumer confusion is at best *de minimis*); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 645 (7th Cir. 2001) (discounting four callers as *de minimis* evidence of confusion).

Here, the internet postings resulting in Count Two were up for less than two weeks. There was no confusion during this very short period. The infringement is *de minimis* and Count Two should be dismissed.

## IV. CONCLUSION

Because Precision's use of Plaintiffs' marks was *de minimis*, at most, Plaintiffs cannot state a claim upon which relief can be granted for false designation of origin. This Court should accordingly dismiss Count Two of Plaintiffs' Complaint.

Respectfully submitted,

*/s/ Terry W. Posey, Jr.*
Terry W. Posey, Jr. (0078292)
Trial Attorney
PORTER WRIGHT MORRIS & ARTHUR LLP
1 South Main Street, Suite 1600
Dayton, Ohio 45402-2028
Telephone: (937) 449-6709
Facsimile: (937) 449-6820
tposey@porterwright.com

Margo S. Brandenburg (101183)
PORTER WRIGHT MORRIS & ARTHUR LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: (513) 369-4223
Facsimile: (513) 421-0991
mbrandenburg@porterwright.com
*Attorneys for Defendant Precision*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 11, 2025 a copy of the foregoing was filed electronically using the Court's Case Management/Electronic Case Filing System (CM/ECF). Notice of and access to these filings will be provided to all parties through CM/ECF.

*/s/ Terry W. Posey, Jr.*
Terry W. Posey, Jr. (0078292)