IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FINN CORPORATION, *et al.*, | : | Case No. 1:25-CV-418 |
| | : | |
| Plaintiffs, | : | Judge Jeffery P. Hopkins |
| | : | |
| v. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| PRECISION MACHINE & MANUFACTURING, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**PLAINTIFFS FINN CORPORATION
AND EXPRESS BLOWER INC.'S OPPOSITION TO
DEFENDANT PRECISION MACHINE & MANUFACTURING, INC.'S MOTION TO
DISMISS COUNT TWO OF PLAINTIFFS' AMENDED COMPLAINT (DOC. NO. 11)**

Plaintiffs Finn Corporation and Express Blower Inc. (collectively, "Plaintiffs") hereby oppose Defendant Precision Machine & Manufacturing, Inc.'s ("Precision") Motion to Dismiss Count Two of Plaintiffs' Amended Complaint (ECF. No. 11) (the "Motion"). As discussed below, Court should deny the Motion.

Precision's Motion neither follows the rules governing motions to dismiss nor identifies any deficiency in how Plaintiffs state their claim for False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A). Plaintiffs' claim is based on Precision's unauthorized use of Plaintiffs' names in Precision's advertising of parts to the consuming market. (*See* ECF 9 at PageID 48-49, ¶¶ 87–95.) Plaintiffs include the currently-known examples of such unauthorized use. (*See id*.; ECF No. 9-2.) Precision's use of Plaintiffs' names constitutes two violations of the Lanham Act: (1) by causing confusion or mistake, or to deceive as to the affiliation, connection, right to use, or association of

Precision with Plaintiffs or of Precision's goods with Plaintiffs' goods (in violation of 15 U.S.C. § 1125(a)(1)(A)); and (2), by falsely or misleadingly representing the nature, characteristics, or qualities of Precision's and Plaintiffs' competing parts (in violation of 15 U.S.C. § 1125(a)(1)(B)). *See* Am. Compl., ¶ 92. Precision's Motion only discusses Plaintiffs' claim in relation to the first violation—false designation of origin under 15 U.S.C § (a)(1)(A).[1]

Precision does not assert that allegations as to any element of the false designation claim are missing. Nor does it make any attempt to show that the pleading of the claim otherwise fails to satisfy the requirements of Federal Rule of Civil Procedure 8. Instead, Precision only contests the *facts* alleged in the Amended Complaint (ECF No. 9)—by attempting to introduce **additional supposed facts** through **its own self-serving declaration,** none of which are alleged or referenced in the Amended Complaint—to argue that the extent of Precision's use of Plaintiffs' names in its advertising was, apparently, insufficient to make Precision liable. Precision simply cannot do that in a motion to dismiss, and even if it could, Precision's improperly-presented evidence does not undermine the claim. Therefore, the Court should deny Precision's Motion.

## BACKGROUND

Plaintiffs are the worldwide leaders in blower trucks and pneumatic blowing equipment. (ECF 9 at PageID 34-35, ¶¶ 10-14.) Their names are so ubiquitous with their products that the term "blower truck" is understood by those in the industry to refer to Plaintiffs' products. (*Id*. at PageID. 37, ¶ 22.) As such, Plaintiffs have expended considerable resources in establishing, developing, and promoting their respective brand names. (*Id*. at PageID 36, ¶¶ 16, 19.)

---

[1] The Motion never addresses the alleged violation of the second provision, 15 U.S.C. § 1125(a)(1)(B). (*See generally*, ECF 11.) To the extent Precision means to seek dismissal of Count Two in its entirety, the Court should deny the Motion for the additional reason that Precision has not challenged that basis for liability.

Central to the success that has made Finn and Express Blower the first names in blower trucks is its blower system. The blower system consists of an engine that applies pneumatic pressure to the material fed into the system to blow it through a connected tube, allowing the operator to apply the material across the desired area. (*Id*. at PageID 38, ¶ 25.) Each and every component of the blower system, including the "feeders" central to this case, is subject to Plaintiffs' standards and performance criteria that they have painstakingly developed. (*Id*. at PageID 38, ¶ 27, PageID 40, ¶¶ 35-36.) To ensure the optimal performance of the entire system, Plaintiffs have developed rigorous performance and compatibility standards for the feeders that are proprietary and secret.  (*Id*. at PageID 39-40, ¶¶ 29-40.)

On February 8, 2016, Plaintiffs entered into a Memorandum of Understanding[2] ("MOU") with Precision to supply feeders to Plaintiffs. (*Id*. at PageID 42, ¶ 52.) Plaintiffs provided Precision with the confidential design information and data needed to supply the feeders. (*Id*. at PageID 44, ¶ 62.) As part of the MOU, Defendant agreed to withdraw from the business of selling feeders in the aftermarket; remove references to feeders from its website, brochures, and other marketing materials; and direct customer inquires to Plaintiffs. (*Id*. at PageID 42-43, ¶¶ 53-54.) Despite this explicit agreement, Defendant, without Plaintiffs permission, has proceeded to market and sell parts in the aftermarket using, at least, Finn's name to do so, giving off the impression that such parts have the sponsorship, affiliation, or other connection with Plaintiffs that they do not have. (*Id*. at PageID 45, ¶ 67.)

## MOTION TO DISMISS STANDARD

Rule 8(a) requires "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (discussing Fed. R. Civ. P. 8(a)(2)). A claim

---

[2] Plaintiffs have filed a motion seeking leave to file the MOU under seal.  (ECF 10.)

is plausible if a plaintiff pleads facts that allow the court to "draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, ***accept its allegations as true***, and draw all reasonable inferences in favor of the plaintiff." *Doe v. Bd. of Educ.*, No. 1:22-cv-44, 2025 U.S. Dist. LEXIS 50746, *4-5, 2025 WL 860305 (S.D. Ohio Mar. 19, 2025) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (emphasis added)).

## ARGUMENT

Precision admits that it used Plaintiffs' names to sell its goods but bases its entire Motion on the position that the extent of that use is too little to allow for liability. (*See generally*, ECF 11 at PageID 74–77.) Precision does not point to allegations in the Amended Complaint to support that notion. Instead, it relies entirely upon its own declaration attached to its Motion to argue that Precision's use of Plaintiffs' names was limited, and thus "*de minimis*." (*See id* (citing Declaration of Don Lindsey (ECF No. 11-1) (the "Lindsay Declaration")). As explained below, Precision's reliance on its own declaration is improper in a motion to dismiss, and Precision's position as to supposedly "de minimis" use of Plaintiffs' names is merely a challenge of the facts pled, rather than to the sufficiency of the pleading. For those reasons, the Court should deny the Motion.

    A.    **The Court Should Not Consider the Lindsay Declaration.**

"[I]t is elementary that the Court does not (and cannot) consider matters outside the four corners of the complaint when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 499 (S.D. Ohio 2012) (citing *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 781 (S.D. Ohio 2009)). The only exceptions to this rule are exhibits attached to the complaint, public record, and documents that "are referred to in the

4

complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016) (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)). Declarations or other materials attached to a motion to dismiss are not within that allowable scope. *See Luis*, 833 F.3d at 632–33 (affidavit attached to motion to dismiss to rebut factual allegations "is not a proper basis on which to resolve [a] motion to dismiss"); *Colon v. Hca Healthcare, Inc.*, No. 2:23-cv-74, 2024 U.S. Dist. LEXIS 49265, 6, 2024 WL 1200294 (M.D. Tenn. Mar. 20, 2024) (refusing to consider sworn statements not referenced in complaint); *Elec. Merch. Sys. LLC v. Montgomery*, No. 20-cv-1898, 2022 U.S. Dist. LEXIS 107918, at *12 n.4 (N.D. Ohio June 16, 2022), *rev'd on other grounds by Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877 (6th Cir. 2023) (same).

Precision makes no attempt to attack the Amended Complaint from within the Amended Complaint's four corners or the materials it attaches or references. It only relies upon ***outside materials*** (the Lindsay Declaration) that supposedly evidence ***outside facts*** (supposed limits to Precision's use of Plaintiffs' names in connection with Precision's sales of goods). (*See id*. at PageID 74–76; ECF 11-1, PageID 79, ¶¶ 5–9.)[3] In other words, through a motion to dismiss, Precision seeks a determination of the claim from only a statement of its own witness that disputes facts Plaintiffs allege in the Amended Complaint. Such an attempt violates the rules governing motions to dismiss. The Court should not indulge that tactic and should simply deny the Motion.

        **B.    Precisions' *de minimis* Argument is Merely an Inappropriate Factual Contest.**

Moreover, even if Precision's *de minimis* use argument was not precluded by basic procedural limitations, its argument fails as a challenge to sufficiency of pleading. While Precision

---

[3] While the Lindsay Declaration refers to a May 15, 2025 cease and desist letter (*see* ECF 11-1 at PageID 79, ¶ 4), and the Amended Complaint references that letter (*see* ECF 9 at PageID 46, ¶ 76), Precision does not reference or rely upon the content of that letter. Instead, it seeks to bootstrap additional facts into the scope of consideration of its Motion by referring to that letter and then relying on the Lindsay Declaration's statements regarding Precision's supposed ***response*** to that letter to rebut allegations independent of the letter's content (*see Id*., ¶ 77)—none of which could possibly be within the content of the letter itself.

5

asserts that "[t]he Sixth Circuit, and courts across the country, have recognized and applied the de minimis defense in intellectual property cases," it neglects the posture of the cases it cites and conflates markedly distinct areas of the law. (*See* ECF 11 at PAGEID 75) (treating copyright, patent, and trademark cases as interchangeable)).

The only Sixth Circuit case Precision cites is *Gordon v. Nextel Communs.*, a **copyright** case. (*See id.*) (citing 345 F.3d 922 (6th Cir. 2003)). That case considered *de minimis* use of a copyrighted work, a recognized defense to copyright infringement based on copying an insubstantial portion of a copyrighted work. *See Gordon*, 345 F.3d at 922–925. That question is entirely different from a trademark case or what Precision seeks to show—that Precision's use of Plaintiffs' names, in connection with sales of Precision's goods, cannot ground a claim for false designation of origin because Plaintiffs apparently believe they did not use Plaintiffs' names that often or that much. (*See* ECF 11 at PageID 75-76.) In fact, Precision does not cite any, and Plaintiffs are, themselves, unable to find any, cases from within the Sixth Circuit that recognize *de minimis* use as a defense to false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)(1)(A)) at all—let alone any that support the notion that, as a matter of law, Precision's use of Plaintiffs' names, as alleged in the Amended Complaint, are insufficient to plausibly show liability.

Nor does the single Lanham Act case Precision cites, *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, suggest *de minimis* use exists as a distinct defense to the claims asserted in this action. (*See* ECF 11 at PageID 75–76 (citing No. 1:04-cv-1082, 2006 U.S. Dist. LEXIS 42891, 2006 WL 1663357 (N.D. Ga. 2006)). According to Precision, the court in *Optimum Techs.* "ultimately dismissed the plaintiff's claims, finding that the use of the mark was unintentional, and, because defendant immediately removed the mark from its website, the infringement was de

minimis." (ECF 11 at PageID 76.) This is, at best, a mischaracterization. That case involved a Rule 50(b) motion for judgment as a matter of law, not a motion to dismiss. *See Optimum Techs.*, 2006 U.S. Dist. LEXIS 42891 at *1.[4] Moreover, *Optimum Techs.* does not purport to recognize a "de minimis defense" to a trademark claim. It merely held that, in that particular case, the plaintiff failed to show willful infringement of a trademark because the extent of that defendant's use of that trademark was small—what the court described as "de minimis." *See id.*, at *21. So, Precision also fails to cite a case where *de minimus* use is a separately-cognizable defense to a Lanham Act claim, and the case it does cite further exposes Precision's position as a factual challenge that is not amenable to this stage of proceedings.

Even Precision's discussion betrays its position for what it really is: a projection of what the facts will ultimately show after yet-to-be-commenced discovery on likelihood of confusion—a fact-intensive question. (*See* ECF 11 at PageID 76. ("Plaintiffs are not going to be able to prove likelihood of confusion … At most, Plaintiffs will be able to bring forth a few customers that may have been confused.")); *compare Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261 (6th Cir. 1984) (providing the fact-intensive factor test that determines likelihood of confusion); *see also NetJets Inc. v. IntelliJet Grp., LLC*, 678 F. App'x 343, 350 (6th Cir. 2017).[5] Defendant's attack is not predicated on a failure to plead sufficient facts in the Complaint, but on the proposition that

---

[4] Nor can Precision possibly argue that their use of Plaintiffs' names was unintentional, given that they supplied Plaintiffs with those parts for years before selling them to the aftermarket and were perfectly aware of Plaintiffs' names and their market significance.

[5] Notably, Defendant never mentions *Frich's* or its factor test. *See Frisch's*, 759 F.2d at 1264 (listing: "(1) strength of the plaintiff's mark; (2) relatedness of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care and sophistication; (7) the defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines using the marks.") Evidence of actual confusion is only one factor. Plaintiffs have sufficiently pled facts as to several other factors, including at least the strength of Plaintiffs' marks; similarity (indeed identicality) of the goods; and similarity (identicality) of the market. (*See* ECF 9 at PageID 37, 44, 46, ¶¶ 22, 62-65, 74.)

7

facts *may* exist outside of the Complaint that *may* serve as a *factual* defense down the road. But Plaintiffs' claim cannot be decided on what facts may or may not exist. Precision's conjectures are outside the Complaint, are irrelevant to the Rule 12(b)(6) standard that guides the Court's review, and are insufficient to defeat Plaintiffs' claim.

Accordingly, Precision's Motion fails to identify any defect in Plaintiffs' pleading of their false designation of origin claim, or Count Two, as stated by the Amended Complaint. The Motion therefore fails.

## **CONCLUSION**

Precision's motion is both procedurally improper and fails to present the Court with any substantive attack on Plaintiffs' Complaint. Therefore, the Court should deny the Motion.

Respectfully submitted,

*/s/ Michael A. Xavier*
Matthew J. Bakota (0079830)
Emily M. Snively (0104656)
1 South Main Street, Suite 1300
Dayton, Ohio 45402
Phone: (937) 449-6400
Fax: (937) 449-2836
matthew.bakota@dinsmore.com
emily.snively@dinsmore.com

Michael A. Xavier (0097121)
1775 Sherman St., Suite 2600
Denver, CO 80209
Phone: (303) 296-3996
michael.xavier@dinsmore.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2025, a true and correct copy of the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, and served upon all parties of record via the Court's electronic filing system.

*/s/ Michael A. Xavier*