IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| FINN CORPORATION, *ET AL.*, | Case No. 1:25cv418 |
| Plaintiffs, | Judge Jeffery P. Hopkins |
| v. | |
| PRECISION MACHINE & MANUFACTURING, INC., | |
| Defendant. | |

**DEFENDANT PRECISION MACHINE & MANUFACTURING, INC.'S REPLY ITS TO MOTION TO DISMISS COUNT TWO OF PLAINTIFFS' AMENDED COMPLAINT**

In Plaintiffs' Opposition to Precision's Motion to Dismiss Count Two of their Complaint, Plaintiffs assert that the Court should deny Precision's Motion to Dismiss for two reasons: (1) Plaintiffs believe the Court cannot consider the Declaration of Don Lindsey (the "Lindsey Declaration") that was attached to Precision's Motion to Dismiss, and (2) Precision's *de minimis* argument is an inappropriate factual contest. Both of these arguments lack merit.

First and foremost, Plaintiffs' two arguments ignore (and do not contest) the core of Precision's Motion to Dismiss that *the post issue asserted in Count Two of Plaintiffs' Amended Complaint has already been resolved*. Indeed, Precision has already removed the two posts that Plaintiffs have attached to their Amended Complaint. Precision immediately removed the two posts once Precision received Plaintiffs' cease-and-desist letter – the posts were up for less than two weeks. Regardless of whether the harm was *de minimis*, or the issue is now moot, the complained of posts have been taken down. There is nothing left to dispute, and Plaintiffs will not be able to prove their false designation of origin claim. Thus, it would be entirely contrary to

the principles of judicial and litigant efficiency to see Count Two of the Amended Complaint continue to discovery and trial.

Second, as to Plaintiffs' two arguments in their Opposition, Plaintiffs ignore binding Sixth Circuit case law (that they admitted exists) that a court can consider documents attached to motion to dismiss if those documents are referred to in the complaint and central to the claims. And, while Plaintiffs allege that Precision's *de minimis* argument is inappropriate, Plaintiffs have not submitted any facts or case law to the contrary. Indeed, the factual assertions in Precision's Motion to Dismiss and the Lindsey Declaration have gone undisputed. Thus, this Court should dismiss Count Two of the Amended Complaint.

**I.   The Court can and should consider the Lindsey Declaration.**

Plaintiffs admitted in their Opposition that attachments can be added to motions to dismiss under Civ.R. 12(b)(6) in the Sixth Circuit when "they are referred to in the Complaint and are central to the claims contained therein." ECF No. 12 at PageID 88-89; *citing Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016); *see also Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, the Court should consider the Lindsey Declaration.

The Lindsey Declaration discusses the facts surrounding the cease-and-desist letter sent by Plaintiffs to Precision, which is referred to in the Amended Complaint and central to Plaintiffs' claim for false designation of origin. Plaintiffs' Amended Complaint discusses that on May 15, 2025, Plaintiffs sent Precision a cease-and-desist letter demanding that Precision cease and desist in selling in the aftermarket and in using Finn and Express Blower's name, product names, and other intellectual property. Amended Compl., ECF No. 9 at PageID 14, ¶ 76. The Amended Complaint also asserts that "[Precision] has refused to comply with Finn and Express

2

Blower's cease and desist letter and are knowingly and intentionally continuing to violate Finn and Express Blower's rights and the terms of the MOU." *Id.* at PageID 14, ¶ 77.

The facts surrounding Plaintiffs' cease-and-desist letter demanding Precision stop selling products using Finn and Express Blower's names are referred to in the Amended Complaint and central to Plaintiffs' ability to bring their claim for false designation of origin. Thus, the declaration of Don Lindsey, which lays out the facts related to the allegations in Plaintiffs' Amended Complaint, should be considered by this Court. *See Prieto-Cruz v. Garza*, 2025 U.S. Dist. LEXIS 192666, at *6 (N.D. Ohio Sep. 30, 2025) (Court considered declaration attached to motion to dismiss because the "Court considers the Jensen Declaration to be within the realm of documents referred to in Plaintiff's complaint, or otherwise central to his claim.").

**II.    Plaintiffs do not dispute the assertions in the Lindsey Declaration that the two posts were immediately removed.**

Don Lindsey, Chief Executive Officer of Precision, has asserted under penalty of perjury that in response to the May 15, 2025 cease-and-desist letter sent by Plaintiffs, Precision immediately altered the challenged ads posted on Facebook and an Internet forum to address the concerns. Lindsey Declaration, ECF No. 11-1 at PageID 79-80. He also states that Precision has received no further complaints from Plaintiffs. *Id.*, ¶ 9.

Throughout Plaintiffs' Opposition, Plaintiffs did not (1) contest the allegations in the Lindsey Declaration about Precision's posted advertisements being immediately removed, (2) did not dispute the arguments made in the Motion to Dismiss about the two posts being immediately removed, and (3) did not submit or allege any evidence to the contrary. Indeed, while Plaintiffs make a blanket assertion that the Lindsey Declaration should not be considered by this Court, Plaintiffs do not deny that the posted ads were taken down after the cease-and-desist letter was sent. Thus, for all intents and purposes, this Court should assume that the two

3

posts were in fact taken down. Clearly, allowing this case to proceed to discovery and trial would be against the interests of judicial and litigant economy and efficiency.

  **III. The false designation claim will fail because the posts were immediately removed, thus, the harm was *de minimis*.**

Plaintiffs argue extensively about how the cases Precision cited in its Motion using the *de minimis* defense are slightly different than the situation here, but the message is the still same: the two posts were taken down immediately after receipt of Plaintiffs' cease-and-desist letter. Thus, two posts that were up for two weeks could not have had a "substantial economic effect" on interstate commerce <u>and</u> created a likelihood of confusion, both of which are needed to prove a claim for false designation of origin. *See Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998); *see also Progressive Distribution Servs. v. UPS*, Inc., 856 F.3d 416, 433 (6th Cir. 2017) (single instance of confusion not enough); *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 399 (4th Cir. 2009) (four instances of consumer confusion is at best *de minimis*); *Packman v. Chicago Tribune Co.,* 267 F.3d 628, 645 (7th Cir. 2001) (discounting four callers as *de minimis* evidence of confusion). Therefore, Count Two must be dismissed.

## CONCLUSION

For the reasons set forth above and as asserted in Precision's Motion to Dismiss, this Court should dismiss Count Two of Plaintiffs' Complaint.

            Respectfully submitted,

            */s/ Terry W. Posey, Jr.*
            Terry W. Posey, Jr. (0078292)
            Trial Attorney
            PORTER WRIGHT MORRIS & ARTHUR LLP
            1 South Main Street, Suite 1600
            Dayton, Ohio 45402-2028
            Telephone: (937) 449-6709
            Facsimile: (937) 449-6820

tposey@porterwright.com

Margo S. Brandenburg (101183)
PORTER WRIGHT MORRIS & ARTHUR LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: (513) 369-4223
Facsimile: (513) 421-0991
mbrandenburg@porterwright.com
*Attorneys for Defendant Precision*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2025 a copy of the foregoing was filed electronically using the Court's Case Management/Electronic Case Filing System (CM/ECF). Notice of and access to these filings will be provided to all parties through CM/ECF.

*/s/ Terry W. Posey, Jr.*
Terry W. Posey, Jr. (0078292)

26765638.1