IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FINN CORPORATION, *et al.*, | : |
| *Plaintiffs*, | : Case No. 1:25-cv-418 |
| v. | : Judge Jeffery P. Hopkins |
| PRECISION MACHINE & MANUFACTURING, INC., | : |
| *Defendant*. | : |

# ORDER

Plaintiffs Finn Corporation and Express Blower, Inc. (collectively, "Plaintiffs") have filed a Motion for Leave to File Exhibit 1 to the Amended Complaint Under Seal (Doc. 10) (the "Motion"). Defendant Precision Machine & Manufacturing, Inc. ("Precision") has not filed any opposition to the Motion, so the Court will construe the Motion as unopposed.

## I. STANDARD OF REVIEW

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record…[including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

1

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

## II. ANALYSIS

Plaintiffs seek to seal Exhibit 1 to the Amended Complaint, a four-page Memorandum of Understanding between Plaintiffs and Precision, because Exhibit 1 contains sensitive business information, such as confidential pricing data for parts purchased by Plaintiffs for their products. Doc. 10, PageID 65. Plaintiffs contend that the information in Exhibit 1 is central to Plaintiffs' business strategy and would provide its competitors an advantage and direct access to Plaintiffs' business model if publicly disclosed. *Id.* at PageID 65–66.

Courts in this District routinely find that there is a compelling interest in sealing documents that contain sensitive business information. *See Exec. Jet Mgmt. Inc. v. Longbow Enters. LLC*, No. 1:21-cv-74, 2021 WL 4952705, at *2 (S.D. Ohio, Apr. 1, 2021); *Veritas Independent Partners, LLC v. Ohio Nat'l Life Ins., Co.*, No. 1:18-cv-769, 2024 WL 986280, at *13–14 (S.D. Ohio Mar. 7, 2024). Thus, because Plaintiffs seek to protect sensitive business information and prevent its disclosure to competitors, the Court finds that Plaintiffs have presented a compelling reason to seal Exhibit 1. *Total Quality Logistics v. Riffe*, No. 1:19-cv-23,

2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("This Court has repeatedly 'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'"). Further, the request to seal is no greater than necessary and there is no reason to believe that the information will be necessary for the public to understand or appreciate the substance of any forthcoming decisions in this matter. *See, e.g., London Comput. Sys. Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("[T]he public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion."). The entirety of the Amended Complaint and remaining exhibits will be available to the public. Further, by virtue of Plaintiffs' description of Exhibit 1 in its Motion, the public will have sufficient information to appreciate the relevance and importance of the document. Doc. 10, PageID 66.

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion (Doc. 10) is **GRANTED**. Plaintiff is **ORDERED** to file Exhibit 1 under seal within 7 days of the date of this Order. In light of the Amended Complaint (Doc. 9) and the instant Motion, Plaintiffs' previous Motion for Leave to File Exhibit to Complaint Under Seal (Doc. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

November 24, 2025

Jeffery P. Hopkins
United States District Judge

3