**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FINN CORPORATION, *et al.*, | : | |
| | : | |
| *Plaintiffs,* | : | Case No. 1:25-cv-418 |
| | : | |
| vs. | : | Judge Jeffery P. Hopkins |
| | : | |
| PRECISION MACHINE & | : | |
| MANUFACTURING, INC., | : | |
| | : | |
| *Defendant.* | : | |

---

**OPINION AND ORDER**

---

Plaintiffs Finn Corporation and Express Blower, Inc. (collectively, "Plaintiffs") bring this action against Defendant Precision Machine & Manufacturing, Inc. ("Defendant" or "PMM"), asserting contract, trademark, trade secret, deceptive trade practice, and unfair competition claims. Am. Compl., Doc. 9, ¶¶ 78–128. PMM has moved to dismiss one of Plaintiffs' seven claims: a trademark claim. Doc. 11. Plaintiffs oppose the motion. Doc. 12. Having received PMM's reply, the matter is ripe for consideration. Doc. 13.

For the reasons below, PMM's partial motion to dismiss (Doc. 11) is **DENIED**.

I.      **BACKGROUND[1]**

Finn Corporation ("Finn") and Express Blower, Inc. ("Express Blower"), a wholly owned subsidiary of Finn and "the world's leading manufacturer and distributor of large pneumatic blowing equipment," and PMM, a manufacturer of parts for industrial manufacturing operations, entered into a Memorandum of Understanding ("MOU") in

---

[1]    Because PMM seeks dismissal of only one of Plaintiffs' seven claims, the Court will focus only on the factual allegations relevant to that claim.

February 2016. Am. Compl., Doc. 9, ¶¶ 13–14, 52. Under that agreement, PMM agreed to provide a component called a "feeder" ("also known as an 'airlock' or a 'rotary air valve'") to Finn and Express Blower for its blower truck product lines. *Id.* ¶¶ 26, 52. PMM also agreed, among other items, to "remove references to blower truck feeders from its website, brochures, and other marketing materials" and "direct any customer inquiries that it receives" to Finn and Express Blower. *Id.* ¶ 54 (quoting Pls.' Ex. 1, Doc. 15-1, PageID 108).

Recently, however, Plaintiffs learned that PMM "has been marketing and selling in the aftermarket what PMM is holding out as 'OEM' replacement parts for Finn and Express Blower machines." *Id.* ¶ 67. Plaintiffs allege that PMM has been expressly using Finn's name with "phrases that can only refer to" Plaintiffs' products, including "blower truck," in unauthorized advertisements posted on PMM's social media accounts. *Id.* ¶¶ 67–68. The unauthorized advertisements also contain images of Plaintiffs' products. *Id.* ¶ 68. Upon learning of the advertisements, Plaintiffs sent a cease-and-desist letter to PMM on May 15, 2025 demanding that PMM discontinue the unauthorized marketing. *Id.* ¶ 76. Plaintiffs allege that PMM has refused to comply with the cease-and-desist letter. *Id.* ¶ 77.

Plaintiffs assert seven claims in the Amended Complaint, but in its motion, PMM seeks dismissal of only one claim: Plaintiffs' claim for false designation of origin under the Lanham Act.[2] PMM argues that it is entitled to dismissal under Rule 12(b)(6) on the basis that PMM's use of Plaintiffs' trademarks was *de minimis* because, after receiving the cease-and-desist letter, PMM "alter[ed] the complained-of posts and/or remov[ed] the item from

---

[2] The remaining claims in Plaintiffs' Amended Complaint are as follows: breach of contract (Count 1), common-law trademark infringement (Count 3), misappropriation of trade secrets under federal law (Count 4), misappropriation of trade secrets under Ohio law (Count 5), deceptive trade practices under Ohio law (Count 6), and unfair competition (Count 7). Am. Compl., Doc. 9, ¶¶ 78–86, 96–128.

the internet all together." Doc. 11, PageID 75 (citing Lindsey Decl., Doc. 11-1, ¶¶ 5–8; Lindsey Decl., Ex. 1). In support of its assertion, PMM offered a declaration by PMM's President and Chief Executive Officer, Don Lindsey (the "Lindsey Declaration") claiming the trademarks had been removed or altered. Doc. 13, PageID 95. Plaintiffs oppose PMM's motion, urging the Court not to consider the Lindsey Declaration as it amounts to a matter outside the pleadings. Doc. 12, PageID 88–89.

## II.    STANDARD OF REVIEW

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This, however, requires "more than labels and conclusions [or a] formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, under the plausibility standard set forth in *Twombly* and *Iqbal*, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000).

III.  **LAW AND ANALYSIS**

   **A. The Lindsey Declaration**

PMM seeks to dismiss Count 2 of Plaintiffs' Amended Complaint for failure to state a claim under Rule 12(b)(6). To begin with, the Court must decide a key dispute between the parties: whether the Court can or should consider the declaration offered by PMM.

Ordinarily, a court will decide a Rule 12(b)(6) motion to dismiss based on the pleadings. But "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007). PMM contends that the Lindsey Declaration may be considered under this premise because it was "referred to in the Complaint and [is] central to the claims contained therein." Doc. 13, PageID 95 (citing *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016); *Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). PMM's application of this exception, however, stretches the rule too far.

In the Amended Complaint, Plaintiffs allege that "PMM has refused to comply" with the cease-and-desist letter. Am. Compl., Doc. 9, ¶ 77. There are no allegations beyond that relating to PMM's response to the letter, nor any reference to the Lindsey Declaration—which is no surprise, because the declaration was prepared in response to PMM's motion. *See*

Lindsey Decl., Doc. 11-1, ¶ 10 ("I make this declaration in support of PMM's Motion to Dismiss and to provide factual background relevant to the Court's consideration of the issues presented."). Further, the Lindsey Declaration explicitly contradicts the allegations in the Amended Complaint, which severely belies the main thrust of PMM's argument that the documents contents can be considered by this Court in ruling on the motion to dismiss without converting the motion to a motion for summary judgment. *Feighner Co., Inc. v. Thru-Flow, Inc.*, No. 1:22-cv-709, 2022 WL 18540546, at \*2 (W.D. Mich. Oct. 28, 2022) (finding an affidavit attached to a motion to dismiss to be outside the pleadings because the averments in the affidavit contradicted allegations in the complaint). While Plaintiffs allege that PMM "refused to comply" with the cease-and-desist letter, *see* Am. Compl., Doc. 9, ¶ 77, Lindsey states that PMM "immediately altered the challenged ads posted on Facebook and an Internet forum to address the concerns," Lindsey Decl., Doc. 11-1, ¶ 5.

When a document is not referred to in the pleadings, as is the case for the Lindsey Declaration, the district court has two options: (1) "*expressly* exclude outside-the-complaint materials" or (2) "convert the motion to one for summary judgment." *Cotterman v. City of Cincinnati*, No. 21-3659, 2023 WL 7132017, at \*4 (6th Cir. Oct. 30, 2023) (citing *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006)); Fed. R. Civ. P. 12(d). To proceed under the latter option, the district court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Court recognizes that PMM has not requested that the motion to dismiss be converted to a summary judgment motion. PMM is also seeking to dismiss only one of Plaintiffs' seven claims. It would not be prudent nor in the interests of justice to convert PMM's motion under these circumstances, thus the Court will exclude the Lindsey

Declaration. *Randick v. Sawhill*, 530 F. Supp. 3d 720, 723 (E.D. Mich. 2021) (declining to consider a declaration attached to a motion to dismiss because the declaration presented facts not alleged in the complaint); *Luis*, 833 F.3d at 632 (finding it premature to rely on an affidavit at the motion to dismiss stage where the affidavit was "plainly not referred to in the complaint" (citation omitted)).

### B. Plaintiffs' False Designation of Origin Claim under the Lanham Act

That brings the Court to the sufficiency of Plaintiffs' Complaint as to Count 2. In Count 2 of the Amended Complaint, Plaintiffs assert a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The statute provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce . . . any false designation of origin . . . which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). To advance a false designation of origin claim under this statute, a plaintiff must plausibly allege that "(1) the false designation [has] a substantial economic effect on interstate commerce; and (2) the false designation [creates] a likelihood of confusion." *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998) (citation omitted).

PMM contends that Plaintiffs have not plausibly alleged these elements, but the entirety of PMM's motion is predicated on the Lindsey Declaration, which this Court has

now excluded. PMM asserts that Plaintiffs have not alleged a substantial economic effect on interstate commerce because PMM "alter[ed] the complained-of posts and/or remov[ed] the item from the internet altogether," and as a result, PMM's "use was *de minimis*." Doc. 11, PageID 75 (citing Lindsey Decl., Doc. 11-1, ¶¶ 5–8; Lindsey Decl., Ex. 1). PMM further alleges that because the use was *de minimis*, Plaintiffs cannot prove likelihood of confusion either. *Id.* at PageID 76. But here, again without the Lindsey Declaration, the Court cannot decide at this stage in the proceedings whether PMM's use was *de minimis* or whether PMM can ultimately prevail on that basis. Because Plaintiffs have otherwise plausibly alleged a false designation of origin claim under the Lanham Act, *see* Am. Compl., Doc. 9, ¶¶ 22, 62–65, 74, 87–95, and PMM has offered no alternative argument to the contrary, PMM's motion must be denied.

## IV.  CONCLUSION

For the reasons stated, the Court **DENIES** the partial motion to dismiss (Doc. 11) filed by Defendant Precision Machine & Manufacturing, Inc.

**IT IS SO ORDERED.**

April 21, 2026

Jeffery P. Hopkins
United States District Judge

7